UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLETTA REED,

        Plaintiff,

vs.

CITY OF DETROIT, and
DETROIT POLICE DEPARTMENT
SERGEANT RONALD GIBSON,
in his individual capacity,
Jointly and Severally,

        Defendants.

Case No.

Hon.

_____

**ERNST CHARARA & LOVELL PLC**
KEVIN S. ERNST (P44223)
STEPHEN M. LOVELL (P80921)
Counsel for Plaintiff
645 Griswold, Suite 4100
Detroit, Michigan 48226
(313) 965-5555
kevin@ecllawfirm.com
stephen@ecllawfirm.com

_____

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred or otherwise

1

disposed of after having been assigned to a Judge in this Court.

# COMPLAINT

Plaintiff Charletta Reed, by and through counsel Ernst Charara & Lovell, PLC, states as follows for her Complaint against the above-named Defendants:

## VENUE AND JURISDICTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§1983 and 1988, and the 4th and 14th Amendments to the United States Constitution, and under the statutes and common law of the State of Michigan against Defendants.

2. This lawsuit arises out of events occurring within Detroit, Wayne County, Michigan.

3. Jurisdiction is proper pursuant to 28 USC §§ 1331, 1343, and 1367.

4. Venue is proper pursuant to 28 USC § 1391(b).

5. Plaintiff Charletta Reed is, and was at all times relevant hereto, a citizen of the United States and State of Michigan.

6. This cause of action arose in the City of Detroit, County of Wayne, State of Michigan.

7. Defendant Ronald Gibson was at all times relevant hereto, a City of Detroit Police Sergeant, and is being sued in his individual capacity.

8. Defendant City of Detroit was at all times relevant hereto a political subdivision of the State of Michigan.

9. At material times, Defendant Gibson acted under color of state law, and pursuant to the policies, practices, customs, and usages of the Detroit Police Department.

10. The claims brought herein are cognizable under the United States Constitution and 42 U.S.C. §1983. Accordingly, jurisdiction is conferred by 28 USC § 1331 as this matter involves a federal question.

## **FACTUAL ALLEGATIONS**

11. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

12. On or about December 25, 2017, Arthur Lanier, the father of Plaintiff's children, began banging on Plaintiff's door and refused to leave.

13. Plaintiff called the Detroit Police Department to request assistance.

14. Thereafter, Defendant Gibson, from the Detroit Police Department, arrived at Plaintiff, Charletta Reed's, residence to investigate the incident.

15. Defendant Gibson entered Ms. Reed's home and took information about the incident and informed Plaintiff of the next steps he would take regarding the incident.

16. Defendant Gibson then turned off his body camera and sat on Ms. Reed's couch. He removed his hat, sat back on the couch, and spread his legs. He proceeded to inquire about her personal life.

17. During the conversation, Ms. Reed mentioned that she was working to get a cabaret license.

18. Defendant Gibson informed Ms. Reed that he was also a bouncer and could help her with the cabaret license.

19. When Defendant Gibson finally stood to leave, he told Plaintiff that he would look into the incident involving Plaintiff's children's father – the incident for which he was called to her home.

20. Defendant Gibson refused to leave before hugging Ms. Reed, at which time he whispered in her ear, "I see why Arthur is going crazy over you."

21. Approximately one hour after Defendant Gibson left Ms. Reed's home, he called her to inform her that she had an outstanding warrant from 2010.

22. Plaintiff was extremely concerned about what would happen to her children if she were to be arrested and Defendant Gibson offered to come to her house the next day to discuss the issue.

23. The following day, Defendant Gibson went to Plaintiff's home and said that he could take care of her warrant and her domestic dispute issues.

24. Defendant Gibson started massaging Plaintiff's shoulders and telling her that he could make her happy.

25. Plaintiff felt like she was unable to leave and when she told Defendant Gibson that she did not want to engage with him sexually, he said that it was the only way she would not be arrested because of her warrant and domestic dispute issues.

26. Defendant Gibson continued to come to Plaintiff's house at odd hours and tell her that the only way to avoid the legal risk of her warrant and domestic issues was to engage with him sexually.

27. Plaintiff was unable to leave these situations due to the fear that she would be arrested.

28. The brother of Plaintiff's boyfriend worked at the Detroit Police Department during this time and informed Plaintiff's boyfriend that Defendant Gibson

was telling others in the Detroit Police Department about his conduct as it relates to Ms. Reed.

29. Plaintiff complained to Detroit Police Department Lieutenant White and Defendant Gibson's supervisor about his conduct, which she felt was inappropriate.

30. Upon information and belief, Defendant Gibson's superiors knew about Defendant's conduct as it relates to Ms. Reed.

31. Defendant Gibson continued to unlawfully detain Plaintiff and tell her that if she did not engage with him sexually that she could still be arrested for the outstanding warrant.

32. Due to the conduct of Defendants, Plaintiff sought mental health treatment and continues to be depressed, suicidal, and suffer severe emotional distress.

33. As a direct and proximate result of Defendants' actions and omissions, Plaintiff has suffered severe mental, psychological, and physical injuries and damages, as hereinafter alleged.

**COUNT I**
**VIOLATION OF FOURTH & FOURTEENTH AMENDMENT**
**UNREASONABLE SEIZURE AND DEPRIVATION OF LIBERTY WITHOUT DUE PROCESS**
*(As to Defendant Gibson)*

34. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

35. Plaintiff had a constitutional right under the Fourth Amendment, incorporated through the Fourteenth Amendment, to be free from a deprivation of liberty, property, bodily security, and integrity without due process of law, and the right to be free from unlawful search and seizures.

36. Defendant Gibson detained and thereby seized Plaintiff on each and every occasion in which he travelled to Plaintiff's residence and unlawfully propositioned her for sexual favors.

37. Defendant Gibson's actions were engaged in and made possible by Gibson's express authority and position as a police officer for the city of Detroit, thereby making Gibson's actions under color of state law.

38. Further, Defendant's actions deprived Plaintiff of liberty, bodily security, and integrity without due process of law.

39. Defendant acted intentionally and/or with deliberate indifference and/or with reckless disregard for Plaintiff's constitutional rights.

40. The constitutional rights that Defendant violated were clearly established at the time that the violations occurred and any reasonable police officer in the

Defendant's position would have understood that the conduct violated said right.

41. Defendant is therefore not entitled to qualified immunity.

42. As a result of Defendant's actions, Plaintiff suffered serious and severe damages as hereinafter alleged.

## COUNT II
## VIOLATION OF FOURTEENTH AMENDMENT
## EQUAL PROTECTION
*(As to Defendant Gibson)*

43. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

44. This action is brought pursuant to 42 U.S.C. § 1983 against Defendants for purposeful discrimination, under color of law, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

45. Plaintiff has a constitutional right to liberty, including the right to freedom from discrimination on the basis of her sex.

46. As a woman, Plaintiff is a member of a protected class, and as a citizen of the United States, is entitled to equal protection under the law pursuant to the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

47. Defendant Gibson, as an employee and agent of Defendant City of Detroit and the Detroit Police Department, was at all times relevant to this action acting under color of law.

48. The right to be free from discrimination in the form of disparate treatment, retaliation, and being treated differently than other employees on the basis of sex in violation of one's constitutional rights is and at all times relevant to this cause of action was a clearly established right of which a reasonable person in the Defendant's position under the circumstances of this case knew or should have known.

49. Defendant's actions, as set forth herein, taken because of or on the basis of Plaintiff's sex, abridge Plaintiff's right to equal protection of the laws in violation of the Fourteenth Amendment of the United States Constitution.

50. Defendant is not entitled to governmental or qualified immunity.

51. Defendant's callous and repeated disregard of Plaintiff's constitutional rights rises to the level of deliberate indifference and, in fact, intentional disregard for Plaintiff's protected rights.

52. As a direct and proximate result of Defendant's unlawful actions and retaliation against Plaintiff as described herein, which constitute a violation of Plaintiff's constitutional rights, Plaintiff has suffered injuries and

damages, including but not limited to: loss of earnings and earning capacity, loss of career opportunities, loss of reputation and esteem in the community, mental and emotional distress, and loss of the ordinary pleasures of life.

53. Pursuant to 42 U.S.C. § 1983, Defendant is liable to Plaintiff for all damages allowed under Federal Law.  To the extent that the damages allowable and/or recoverable are deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendants this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies. Defendants' conduct was and remains extreme and outrageous subjecting Defendants to punitive damages.

## COUNT III
## MONELL LIABILITY
*(As to Defendant City of Detroit)*

54. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

55. At the time of Plaintiff's unlawful seizure, Defendant City of Detroit, through its Police Department, had a policy, practice and/ or custom of allowing Defendant to unlawfully detain citizens and engage in unfettered and unmonitored deprivation of female citizens' Constitutional rights.

56. This unconstitutional policy, practice and/or custom was a driving force behind the constitutional violations suffered by Plaintiff.

## COUNT IV
## VIOLATION OF MICHIGAN ELLIOT-LARSEN CIVIL RIGHTS ACT
*(Disparate Treatment - As to All Defendants)*

57. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

58. At all relevant times, Defendants provided "public services" within the meaning of Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), MCL 37.2101, *et seq.*

59. At all relevant times, under the ELCRA, Plaintiff had a right to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations free from discrimination based on her sex.

60. Defendants, through their agents, representatives, and employees, were predisposed to discrimination on the basis of race and sex and acted in accordance with that predisposition.

61. Defendants, through their agents, representatives, and employees, treated Plaintiff differently from similarly situated males in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations, un the unlawful basis of sex.

62. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered, and continues to suffer, injuries and damages.

## DAMAGES

63. As a direct and proximate result of the unconstitutional actions of the individual and official Defendants as set forth above, Plaintiff was caused the following injuries and damages, past and future, including but not limited to:

    a. Pain and suffering.

    b. Mental anguish, mental distress and loss of the enjoyment of life and social activities.

    c. Fear, anxiety, depression.

    d. Special damages including medical expenses.

64. As a result of the Defendants' unconstitutional actions and/or omissions, Plaintiff is entitled to recover for the damages and injuries referenced above in the form of economic and non-economic compensatory damages and is entitled to recover punitive damages as Defendants' acts and/or omissions merit an award of same.

65. Plaintiff is also entitled to recover reasonable costs and attorney's fees under 42 USC § 1988.

WHEREFORE, Plaintiff respectfully requests judgment for damages against each Defendant, jointly and severally, in whatever amount a jury shall determine is reasonable, fair and just, plus interest, costs and attorney's fees.

                                            Respectfully submitted,

                                            */s/ Stephen M. Lovell*
                                            Stephen M. Lovell (P80921)
                                            Counsel for Plaintiff
                                            Ernst Charara & Lovell, PLC
                                            645 Griswold Street, Suite 4100
                                            Detroit, Michigan 48226
                                            Phone: (313) 965-5555
                                            Fax: (313) 965-5556
                                            Email: stephen@ecllawfirm.com

Date:  July 21, 2020

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues allowed by law.

                                                    Respectfully submitted,

                                                    */s/ Stephen M. Lovell*
                                                    Stephen M. Lovell (P80921)
                                                    Counsel for Plaintiff
                                                    Ernst Charara & Lovell, PLC
                                                    645 Griswold Street, Suite 4100
                                                    Detroit, Michigan 48226
                                                    Phone: (313) 965-5555
                                                    Fax: (313) 965-5556
                                                    Email: stephen@ecllawfirm.com

Date: July 21, 2020

## CERTIFICATE OF SERVICE

THE UNDERSIGNED CERTIFIES THAT THE FOREGOING INSTRUMENT WAS SERVED UPON ALL PARTIES TO THE ABOVE CAUSE TO EACH OF THE ATTORNEYS OF RECORD HEREIN AT THEIR RESPECTIVE ADDRESSES DISCLOSED IN THE PLEADINGS ON 7/21/20, BY:

| | |
|---|---|
| **x** U.S. MAIL | __ EMAIL |
| ___ FAX | __ FEDERAL EXPRESS |
| ___ HAND DELIVERY | **x** MI FILE & SERVE SIGNATURE |

                                     */s/ Deanna Denby*
                                        Deanna Denby