UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLETTA REED,

          Plaintiff,

v.

CITY OF DETROIT, et al.,

          Defendants.

                                       /

Case No. 2:20-cv-11960

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
MOTION FOR LEAVE TO AMEND COMPLAINT [28]**

Plaintiff moved for leave to amend the complaint. ECF 28. Defendant Gibson objected to the motion. ECF 30. The Court has reviewed the briefs and a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f). For the following reasons, the Court will grant in part and deny in part the motion for leave to amend the complaint.

Federal Rule of Civil Procedure 15(a)(2) provides that after a responsive pleading is filed, a party may only amend its pleading with the written consent of the opposing party or with leave of the Court. The rule also provides that "[t]he [C]ourt should freely give leave when justice so requires." *Id.*; *see Foman v. Davis*, 371 U.S. 178, 182 (1962). To determine whether to grant leave to amend a pleading, the Court relies on six factors: (1) "[u]ndue delay in filing," (2) "lack of notice to the opposing party," (3) "bad faith by the moving party," (4) "repeated failure to cure deficiencies by previous amendments," (5) "undue prejudice to the opposing party," and (6)

1

"futility of [the] amendment." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458–59 (6th Cir. 2001) (quotation omitted).

A proposed amendment is futile if the pleading could not survive a motion to dismiss. *Id.* As a result, the proposed amended pleading must allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).

The Court views the proposed amended complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in the nonmoving party's favor. *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008). But the Court will not presume the truth of legal conclusions in the proposed amended complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

I.   MEAA Claim

In the proposed amended complaint, Plaintiff asserted a claim under the Michigan Equal Accommodation Act ("MEAA"), Mich. Comp. Laws §§ 750.146–750.147, for denial of public accommodations. ECF 28-1, PgID 301–02. The Court will deny leave to amend the complaint to include the MEAA claim because it is futile. *Wade*, 259 F.3d at 459.

Under the MEAA, an employee may not deny a person accommodations, advantages, facilities, and privileges in a place of public accommodation based on sex. §§ 750.146–750.147; *see also Youthdevelopment Corp., USA v. N. Am.'s Bldg. Trade Unions*, No. 19-12707, 2020 WL 1915695, at *4–5 (E.D. Mich. Apr. 20, 2020) (noting that the MEAA also applies to denials based on race). Under the MEAA, a "place of public accommodation" is the same as it is under the Elliott-Larsen Civil Rights Act ("ELCRA"). *Youthdevelopment Corp., USA*, 2020 WL 1915695, at *5 (citing *McKnight v. Don Massey Cadillac, Inc.*, No. 218952, 2001 WL 721384, at *4 n.21 (Mich. Ct. App. Mar. 2, 2001) (per curiam)). Put simply, the MEAA claim is futile because the Detroit Police Department is not a "place of public accommodation."

Under the ELCRA, a "'[p]lace of public accommodation' means a business, or an educational, refreshment, entertainment, recreation, health, or transportation facility, or institution of any kind, whether licensed or not, whose goods, services, facilities, privileges, advantages, or accommodations are extended, offered, sold, or otherwise made available to the public." Mich. Comp. Laws § 37.2301(a). A "place of public accommodation," however, is different from a "[p]ublic service." *Compare id. with id.* § 37.2301(b). A "'[p]ublic service' means a public facility, department, agency, board, or commission, owned, operated, or managed by or on behalf of the state, a political subdivision, or an agency thereof or a tax exempt private agency established to provide service to the public[.]" *Id.* § 37.2301(b). The Detroit Police Department readily falls into the "public service" category—not "place of public accommodation" category. After all, the Detroit Police Department is not "a business, or an

3

educational, refreshment, entertainment, recreation, health, or transportation facility." *Id.* § 37.2301(a).

Because the Detroit Police Department is not a "place of public accommodation" under the ELCRA, it is not a place of accommodation under the MEAA. *Youthdevelopment Corp., USA*, 2020 WL 1915695, at *4–5. The places of public accommodation listed in the MEAA have no connection to a police department. *See* § 750.146 ("[I]nns, hotels, motels, government housing, restaurants, eating houses, barber shops, billiard parlors, stores, public conveyances on land and water, theatres, motion picture houses . . . ."). For those reasons, the Detroit Police Department is not a "place of public accommodation" under the MEAA and the amended MEAA claim is futile.

II. ELCRA Claim

Next, Plaintiff sought leave to amend her ELCRA claim to clarify that she is alleging quid pro quo sexual harassment and that she was denied public accommodations. ECF 28, PgID 283; ECF 28-1, PgID 300. Because Defendant Gibson objected only to adding the "public accommodations" allegations in the ELCRA, ECF 30, PgID 322, the Court will grant leave to amend the ELCRA claim to clarify the claim is for quid pro quo sexual harassment. But the Court will deny leave to amend the ELCRA claim as to the allegations that Plaintiff was denied public accommodations. As the Court explained above, the Detroit Police Department is not a "place of public accommodation" under the ELCRA—it is a "public service." *See*

4

§ 37.2301(a), (b). The Court will therefore deny leave to amend the complaint to include the "public accommodations" claims as futile.

III.     Substantive Due Process Claim

Plaintiff also sought leave to amend her second claim to state that Defendant Gibson violated her "substantive due process" rights under the Fourteenth Amendment. *Compare* ECF 1, PgID 8–10 *with* ECF 28-1, PgID 297–98. Defendant Reed claimed that the proposed amended complaint had failed to name which substantive due process right was allegedly violated. ECF 30, PgID 324. Plaintiff, however, appeared to claim that her substantive due process "right to be free from an invasion of liberty, bodily security and bodily integrity in the form of coerced sexual activity" was violated. ECF 28-1, PgID 298. The Court will grant leave to amend the claim on the understanding that the substantive due process claim is rooted in Plaintiff's right to bodily integrity.

"[T]he list of fundamental rights" protected by substantive due process "is short." *Does v. Munoz*, 507 F.3d 961, 964 (6th Cir. 2007) (quotation omitted). In fact, "[t]he Supreme Court is historically 'reluctant to expand the concept of substantive due process'." *Gary B. v. Snyder*, 329 F. Supp. 3d 344, 363–64 (E.D. Mich. 2018) (Murphy, J.), *appeal vacated*, *Gary B. v. Whitmer*, 958 F.3d 1216 (mem.) (6th Cir. 2020) (en banc) (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992)).

In any event, the right to bodily integrity is protected under substantive due process. *Guertin v. State*, 912 F.3d 907, 918–19 (6th Cir. 2019). Because Plaintiff has a recognized substantive due process right to bodily integrity, the claim is not futile.

What is more, the Court will grant leave to amend the substantive due process claim. Although the amendment is after the parties' self-imposed deadline to amend pleadings no later than sixty days after the scheduling order, ECF 13, PgID 75, "[d]elay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors." *Wade*, 259 F.3d at 458–59 (citation omitted). The amendment here lacks undue prejudice. Indeed, the amendment "is not a situation where leave to amend is sought on the eve of trial after the discovery period has long passed." *Fortner v. Tecchio Trucking, Inc.*, No. 07-cv-243, 2008 WL 11452477, at *3 (E.D. Tenn. Nov. 10, 2008) (citations omitted). And Defendant Gibson has known about the bodily integrity claim since he was served with the initial complaint. ECF 1, PgID 7 ("Plaintiff had a constitutional right . . . to be free from a deprivation of liberty, property, *bodily security*, and integrity without due process of law.") (emphasis added). The Court will therefore allow Plaintiff to amend the complaint to include the substantive due process claim based on her right to bodily integrity.

IV.  Excessive Force Claim

Last, Plaintiff sought to amend the complaint to include an excessive force claim. ECF 28-1, PgID 296. Defendant Reed objected to the amendment as futile because Plaintiff consented to the sexual relationship with Defendant Reed. ECF 30, PgID 323–24. But, based on the proposed amended complaint's allegations, Plaintiff may have not consented to have sex with Defendant Reed. *See* ECF 28-1, PgID 291–92; *cf. Hale v. Boyle Cnty.*, No. 3:18-cv-00002, 2020 WL 5646903, at *5 (W.D. Ky. Sept.

6

22, 2020) ("If the sexual relations between [Plaintiff and Defendant] were consensual it cannot be said that 'force' was used against [Plaintiff], thus negating [Plaintiff's] excessive force claim."). Plus, at this stage, Court must view the allegations in the light most favorable to Plaintiff and draw every reasonable inference in Plaintiff's favor. *Bassett*, 528 F.3d at 430. As a result, the proposed amendment is not futile.

The Court will grant leave to amend the excessive force claim because Plaintiff cannot show undue prejudice. The parties still have time in discovery, ECF 23, and Defendant Reed has known about the allegations of nonconsensual sexual advances since he was served with the complaint, *see* ECF 1, PgID 6–7.

V.     Conclusion

In sum, the Court will grant leave to amend the complaint as to the ECLRA quid pro quo sexual harassment, excessive force, and substantive due process claims. The Court will deny leave to amend the complaint as to the claims under the MEAA and the ELCRA as to allegations relating to Detroit Police Department being a "place of public accommodation."

The remaining claims in the proposed amended complaint appear to narrow Plaintiff's case to these claims: excessive force, substantive due process, *Monell*, and the ELCRA violation. Plaintiff must file the amended complaint as limited by this Order no later than August 6, 2021. Defendants must answer or otherwise respond to the complaint no later than twenty-one days after Plaintiff files the amended complaint.

7

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion for leave to amend complaint [28] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff must **FILE** the amended complaint as limited by this Order no later than **August 6, 2021**.

**IT IS FURTHER ORDERED** that Defendants must **ANSWER** or otherwise **RESPOND** to the amended complaint no later than **twenty-one days** after Plaintiff files the amended complaint.

**SO ORDERED.**

        s/ Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated: July 22, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 22, 2021, by electronic and/or ordinary mail.

        s/ David P. Parker
        Case Manager